IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| MANHATTAN CONSTRUCTION COMPANY, Plaintiff, | ) | No. 05-376C |
| v. | ) | (Judge Robert H. Hodges) |
| THE UNITED STATES, Defendant. | ) | |

JOINT PRELIMINARY STATUS REPORT

Pursuant to Rule 16 and Appendix A, paragraph III, 4, of the Rules of this Court ("RCFC"), the parties file the following joint preliminary status report:

(a) Jurisdiction

Plaintiff's action arises pursuant to an express contract between Manhattan Construction Company ("Manhattan") and the United States, through the Department of Agriculture. The action is brought on an appeal from a denial by the contracting officer of a claim. Plaintiff states that this Court has jurisdiction to entertain this action pursuant to 28 U.S.C. § 1491(b). Defendant is currently not aware of any reason why this Court would not possess jurisdiction to entertain the merits of plaintiff's complaint pursuant to 28 U.S.C. § 1491 and 41 U.S.C. § 609.

(b) Consolidation

The Government has filed a motion seeking consolidation of this case with Manhattan Construction Company v. United States, 05-373C. On April 26, 2005, plaintiff's counsel indicated to Government counsel that plaintiff had no objection to the granting of the motion to consolidate. Plaintiff has not filed an objection to that motion.

(c) Bifurcation

The parties are not aware of any reason why liability and damages should be tried

separately.

(d) Deferral

The parties do not believe that further proceedings in this action should be delayed pending consideration of another case by this Court.

(e) Remand/Suspension

The parties do not intend to request remand or suspension.

(f) Joinder

The parties do not believe that additional parties should be joined.

(g) Dispositive Motions

While the parties agree that it is unlikely that dispositive motions will be filed, the parties request that on or before 30 days after the conclusion of discovery, they be allowed to file a status report regarding the appropriateness of filing dispositive motions.

(h) Relevant Issues

Plaintiff's Statement Of The Relevant Legal and Factual Issues

1.) The contracting officer directed Plaintiff to install heat tracing cable on the domestic hot water pipes.

2.) The contracting officer's directive to install heat tracing cable on the domestic hot water pipes constituted a change to the contract.

3.) As a result of the contracting officer's directive to install heat tracing cable on the domestic hot water pipes, Plaintiff suffered damages.

4.) Defendant is required to compensate Plaintiff for the damages it suffered as a result of Defendant's change pursuant to F.A.R. § 52.243-4.

5.) The contracting officer directed Plaintiff to install air handling units using stacked coil piping.

6.) The contracting officer's directive to install air handling units using stacked coil piping constituted a change to the contract.

7.) As a result of the contracting officer's directive to install air handling units using stacked coil piping, Plaintiff suffered damages.

8.) Defendant is required to compensate Plaintiff for the damages it suffered as a result of Defendant's change pursuant to F.A.R. § 52.243-4.

9.) The contracting officer directed Plaintiff to install low pressure steam traps at the base of the low pressure steam risers.

10.) The contracting officer's directive to install low pressure steam traps at the base of the low pressure steam risers constituted a change to the contract.

11.) As a result of the contracting officer's directive to install low pressure steam traps at the base of the low pressure steam risers, Plaintiff suffered damages.

12.) Defendant is required to compensate Plaintiff for the damages it suffered as a result of Defendant's change pursuant to F.A.R. § 52.243-4.

13.) The contracting officer directed Plaintiff to install cooler and freezer condensate drain lines in the kitchen.

14.) The contracting officer's directive to install cooler and freezer condensate drain lines in the kitchen constituted a change to the contract.

15.) As a result of the contracting officer's directive to install cooler and freezer condensate drain lines in the kitchen, Plaintiff suffered damages.

16.) Defendant is required to compensate Plaintiff for the damages it suffered as a result of Defendant's change pursuant to F.A.R. § 52.243-4.

17.) The contracting officer directed Plaintiff to install high pressure steam traps at the base of the high pressure steam risers.

18.) The contracting officer's directive to install high pressure steam traps at the base of the high pressure steam risers constituted a change to the contract.

19.) As a result of the contracting officer's directive to install high pressure steam traps at the base of the high pressure steam risers, Plaintiff suffered damages.

20.) Defendant is required to compensate Plaintiff for the damages it suffered as a result of Defendant's change pursuant to F.A.R. § 52.243-4.

Defendant's Statement Regarding The Relevant Legal Issues

1.) Whether Manhattan can prove by the preponderance of the evidence that the contracting officer's directive to install heat tracing cable on the domestic hot water pipes constituted a change to the contract and, if so, whether Manhattan was damaged thereby.

2.) Whether Manhattan can prove by the preponderance of the evidence that the contracting officer's directive to install the air handling units using stacked coil piping constituted a change to the contract and, if so, whether Manhattan was damaged thereby.

3.) Whether Manhattan can prove by the preponderance of the evidence that the contracting officer's directive to install a high pressure steam trap at the base of the high pressure steam risers constituted a change to the contract and, if so, whether Manhattan was damaged thereby.

4.) Whether Manhattan can prove by the preponderance of the evidence that the

contracting officer's directive to install cooler and freezer condensate drain lines in the kitchen constituted a change to the contract and, if so, whether Manhattan was damaged thereby.

Defendant's Statement Regarding The Relevant Factual Issues

1.) Whether the contract documents required that Manhattan install heat tracing cable on the domestic hot water pipes.

2.) Whether the contract documents required that Manhattan install the air handling units using stacked coil piping.

3.) Whether the contract documents required that Manhattan install a high pressure steam trap at the base of the high pressure steam risers.

4.) Whether the contract documents required that Manhattan install cooler and freezer condensate drain lines in the kitchen.

(i) Settlement

The parties are not currently in a position to pursue fruitful settlement discussions. The parties will, however, continue to consider the possibility of settlement, and the use of ADR, throughout the proceedings.

(j) Trial

At this time, the parties anticipate that they will proceed to trial and that the trial will last one day. The parties agree that an expedited trial pursuant to paragraph 6(b) of Appendix G is not warranted.

(k) Electronic Filing

The parties are not aware of any special issues regarding electronic case management needs.

(l) Additional Information

The parties request that the trial in this case take place in Washington, D.C.

The parties are unaware of any other matters which should be brought to the Court's attention at this time.

Discovery Schedule

1. Exchange of documents by August 1, 2005

2. Completion of fact witness discovery by October 31, 2005

3. Designation of expert witnesses, if any, by September 15, 2005, and exchange of expert witness reports within 30 days of fact witness discovery being completed

4. Completion of expert witness discovery by December 15, 2005

5. Completion of all discovery by December 15, 2005

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Harold D. Lester, Jr.
HAROLD D. LESTER, JR.
Assistant Director

s/ Adam C. Harrison, Esq.
ADAM C. HARRISON, ESQ.
Adam C. Harrison, P.C.
40 W. Chesapeake Ave., Suite 600
Towson, MD 21204
410-832-0000
410-832-9929 (Fax)

Attorney for Plaintiff

June 21, 2005

s/ Leslie Cayer Ohta
LESLIE CAYER OHTA
Trial Attorney
Commercial Litigation Branch, Civil Division
Department of Justice
1100 L Street, NW
Washington, D.C. 20530
202-307-0252
202-307-0972 (Fax)

Attorneys for Defendant

June 21, 2005