IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| MANHATTAN CONSTRUCTION COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 05-376C<br>(Judge Robert H. Hodges) |

**MOTION FOR LEAVE TO FILE AMENDED EXPERT DISCLOSURE AND FOR LIMITED EXTENSION OF DISCOVERY DEADLINE**

Plaintiff, Manhattan Construction Co. ("MCC"), by its undersigned counsel, pursuant to RCFC 7(b)(1), respectfully moves for leave to file an amended expert disclosure, and as reasons therefore, states as follows:

1. In accordance with the Scheduling Order entered by the Court on July 19, 2005, the parties were required to designate expert witnesses by September 19, 2005.

2. On September 15, 2005, MCC provided the United States with its expert disclosure indicating that, although it had not specifically retained an expert to testify regarding MCC's claims, its fact witnesses, which were disclosed by MCC in its Initial Disclosure, might express expert testimony pursuant to F.R.E. 701.

3. At the time that MCC filed its expert disclosure, MCC intended that Mr. Jim Fleming, the project manager who managed the project at issue herein for MCC's subcontractor, Caigeann Mechanical Co., Inc., would be providing the bulk of the fact testimony and any expert testimony required in accordance with F.R.E. 701.

4. Sadly, after an aggressive but unfortunately short battle with cancer, Mr. Fleming passed away in early October, 2005.

5. Consequently, MCC respectfully requests leave to file an amended expert disclosure in order to disclose the information relating to the expert MCC is in the process of retaining to

provide expert testimony relating to its claims.

6. MCC understands that as a result of filing its amended expert disclosure, the United States would be at a disadvantage if it were unable to conduct discovery relating to MCC's expert's opinion.

7. In addition, because the filing of the United States' expert report, which was timely filed on September 19, 2005, occurred at a time when Mr. Fleming was no longer able to review and analyze it, it is likely that MCC's new expert will have questions and comments regarding the United States' expert report which would need to be clarified through limited discovery.

8. Thus, MCC respectfully requests the Court to extend the discovery deadline for the limited purpose of allowing the parties to depose the expert witnesses identified by the parties herein.

WHEREFORE, for the foregoing reasons, Plaintiff, Manhattan Construction Co., respectfully requests that the Court grant it leave to file an amended expert disclosure and extend the discovery deadline for the limited purpose of allowing the parties to depose the expert witnesses identified herein.

Respectfully submitted,

s/ Adam C. Harrison

HARRISON LAW GROUP
40 W. Chesapeake Ave., Suite 600
Towson, Maryland 21204
(410) 832-0000

Counsel for Plaintiff,
MANHATTAN CONSTRUCTION CO.

Dated: January 20, 2006