IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| MANHATTAN CONSTRUCTION COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 05-376C |
| v. | ) | (Judge Robert H. Hodges) |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S STATUS REPORT

Pursuant to this Court's April 24, 2006 order, defendant, the United States, provides the following status report. This report has been reviewed by counsul for the plaintiff, Manhattan Construction Company ("Manhattan"), and he has indicated that he has no objection to the filing of this report.

The complaint in this matter was filed on March 16, 2005. The Government filed its answer on May 13, 2005. On June 21, 2005, the Joint Preliminary Status Report ("JPSR") was filed. In the JPSR, the parties proposed that fact witness discovery be completed by October 31, 2005, that expert witnesses be designated by September 15, 2005, and that expert witness reports be exchange within 30 days of fact witness discovery being completed. On July 19, 2005, this Court issued a scheduling order that incorporated the dates that the parties proposed in the JPSR.

Pursuant to this Court's July 19, 2005 scheduling order, on August 31, 2005, defendant designated Ken McLauchlan, with McLauchlan & Associates, as its expert witness in this matter. On September 15, 2005, Manhattan indicated that the fact witnesses it had previously identified might testify as expert witnesses. At that time, Manhattan intended to have James Fleming, the project manager, provide expert testimony upon n behalf of Manhattan. In October 2005, Mr. Fleming died.

On September 19, 2005, the Government provided counsel for Manhattan with a copy of Mr. McLauchlan's expert report.

On January 20, 2006, plaintiff filed a motion for leave to file an amended expert witness disclosure and to extend the deadline for deposing experts until March 1, 2006. The Government did not oppose the granting of that motion.

On January 24, 2006, the Court granted Manhattan's motion, setting February 1, 2006, as the deadline for Manhattan to disclose its expert to the Government, and setting March 1, 2006, as the deadline for the parties to complete the depositions of the experts.

On February 1, 2006, Manhattan designated Kevin Tracy as is expert witness.

Counsel were not able to schedule the depositions of the experts prior to the March 1, 2006 deadline because counsel for Manhattan was unable to provide the Government with a copy of Mr. Tracy's expert report. For the same reason, counsel were unable to schedule the depositions during April 2006. Government counsel and counsel for Manhattan tentatively scheduled the deposition of Mr. Tracy for May 10, 2006, and the deposition of Mr. McLauchlan for May 19, 2006. These dates were agreed to because May 19, 2006, will be Government's counsel's last day in the office prior to an extended vacation. Government counsel, however, made it clear to counsel for Manhattan that these dates were contingent upon two things: firstly, that Manhattan obtain the Court's consent to the an extension of the deadline for taking the depositions of the experts; and secondly, that Government be provided with the report of Manhattan's designated expert, Mr. Tracy, at least two to three weeks before Mr. Tracy's deposition in order for Government counsel have adequate time to prepare for his deposition.

Manhattan has not yet provided its expert report to the Government.[1] Counsel, for the parties, therefore, request that the Court allow the parties until August 1, 2006, to take the depositions of the experts in this matter.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Harold D. Lester, Jr.
HAROLD D. LESTER, JR.
Assistant Director

s/ Leslie Cayer Ohta
LESLIE CAYER OHTA
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street NW
Attn: Classification Unit, 8th Floor
Washington, D.C. 20530

May 1, 2006

Attorneys for Defendant

---

[1] In addition, while Mr. McLauchlan, the Government's expert, is available to be deposed, Government counsel believes that it is important that he have the opportunity to review Mr. Tracy's report prior to his deposition in order to ensure that counsel for Manhattan has the opportunity to question Mr. McLauchlan not only about his own opinions, but also about his agreement, or disagreement, with the opinions expressed by Mr. Tracy in his report