IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| MANHATTAN CONSTRUCTION COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | ) | No. 05-376C<br>(Judge Robert H. Hodges) |

**PLAINTIFF'S STATUS REPORT**

Pursuant to this Court's August 10, 2006 Order, Plaintiff, Manhattan Construction Co. ("MCC") provides the following status report to specifically address MCC's delay in prosecuting this case and failing to provide Defendant, The United States, with its expert report.

While the nominal Plaintiff in this case is Manhattan Construction Co., the true plaintiff herein is a small mechanical company based out of Ellicott City, Maryland, called Caigeann Mechanical Co., Inc. ("CMCI"). CMCI worked on the project at issue herein pursuant to a subcontract agreement with MCC, and when CMCI expressed an interest in pursuing recovery of the additional labor and materials it rendered to the project at the request and direction of The United States, MCC agreed to assign its claim to CMCI for CMCI to prosecute. CMCI had every intention of diligently prosecuting its claim in a timely manner. However, in October, 2005, CMCI's owner, Mr. Jim Fleming, suddenly passed away leaving his wife, Mrs. Donna Fleming, to run the business, all the while discharging her other family obligations. Needless to say, Mrs. Fleming and CMCI have been having a difficult time with the transition, and immediate and pressing business concerns began to take priority over the prosecution of this case.

In addition to disrupting the Fleming family and to CMCI, the death of Mr. Fleming left this case without an expert. Mr. Fleming not only managed CMCI's work on the project and thus would have been an invaluable fact witness, Mr. Fleming was an expert in his field, and was supposed to

provide expert opinion testimony with respect to the issues involved in this case. The Court and counsel for The United States have been extremely gracious in allowing CMCI, through MCC, additional flexibility with respect to MCC obtaining another expert and in providing an expert report. MCC disclosed its new expert, Mr. Kevin Tracy, on February 1, 2006. However, because Mr. Tracy has come on board to help Mrs. Fleming run CMCI, it has been difficult for him to carve out a block of time to sit down, learn about this case, review the drawings and other documents including the opinions of the procurement officer, and form an expert opinion as to the issues involved herein. Consequently, although MCC's expert opinion was promised in March, 2006, and then again in late June, 2006, it still had not been completed or produced to The United States. Once I received the Court's August 10, 2006 Order and explained its significance to CMCI, I was finally able to help them appreciate the importance of preparing and producing the expert report, and I am pleased to report that MCC's expert report has been completed and, on August 18, 2006, a copy of MCC's expert report was provided to counsel for The United States.

MCC and The United States were scheduled to meet to discuss settlement of this case in December 21, 2005. On December 20, 2005, The United States cancelled the settlement meeting without explanation. It was subsequently learned that The United States did not perceive a need to discuss settlement of this case when MCC had no expert to rebut the expert report propounded by the United States. It was apparent that counsel for The United States was unaware of the passing of Mr. Fleming. At that time, counsel for The United States represented that The United States would be willing to meet with CMCI to discuss a possible settlement once CMCI, through MCC, filed its expert report. Accordingly, MCC respectfully proposes to schedule a settlement meeting with The United States as soon as practicable, but in any event, before September 29, 2006 at which time the parties can hopefully resolve some, if not all of the issues, and settle the case. This would result in a cost savings to both parties as additional fees would not have to be spent on preparing and deposing

expert witnesses. Assuming The United States would be agreeable, MCC would be happy to take the Court up on its offer, communicated in its May 2, 2006 Order, to assist in the mutual resolution of this case. In the event that the parties are unable to settle this case, the parties can then depose the expert witnesses, which depositions would be completed by November 15, 2006.[1] Once the depositions of the expert witnesses are completed, the Court would then be in a position to establish a dispositive motions schedule, or if none will be filed, to schedule the trial of this case.

Respectfully submitted,

s/ Adam C. Harrison

HARRISON LAW GROUP
40 W. Chesapeake Ave., Suite 600
Towson, Maryland 21204
(410) 832-0000

Counsel for Plaintiff,
MANHATTAN CONSTRUCTION CO.

Dated: August 18, 2006

[1] Due to an unusually hectic trial calendar in September, October, and early November, 2006, I would be very hard pressed to find a mutually acceptable date upon which expert depositions could be held. It is for this reason only that the November 15, 2006 date is proposed.