IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| MANHATTAN CONSTRUCTION COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 05-376C |
| v. | ) | (Judge Robert H. Hodges) |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF'S STATUS REPORT**

Plaintiff, Manhattan Construction Company ("MCC") provides this brief Status Report to supplement the Status Report filed by Defendant, The United States, on September 18, 2006.

In its status report, the government correctly noted that counsel for MCC reviewed the government's proposed status report and disagreed with it. Specifically, MCC disagrees with the implications suggested by the government's characterization that "[i]n December 2005, attempts to resolve this matter were unsuccessful." As was alluded to in MCC's August 18, 2006 status report, MCC and the government agreed to meet and discuss the settlement of this case. The meeting was scheduled for December 21, 2005. MCC expended significant time and effort preparing for the settlement meeting in order to ensure that it would be productive. However, in the afternoon of December 20, 2005, the government informed MCC that the settlement meeting was cancelled, without explanation, and instead offered to settle the case for a nominal amount. MCC was understandably disappointed at this turn of events and could not accept the government's settlement offer, especially when it was denied the opportunity to engage in a good faith discussion of the issues and merits of each party's position, which MCC believed, and still believes, would result in a fair and equitable settlement for all involved. MCC is further disappointed with the government's refusal to engage in good faith settlement negotiations despite this Court's August 23, 2006 order that the parties commence settlement negotiations as soon as possible.

MCC also disagrees with the implication in the government's status report relating to the scheduling of the depositions of expert witnesses in this case. When the government requested dates for the deposition, MCC inquired as to why the government was not intending on engaging in settlement negotiations prior to conducting depositions, as was suggested in MCC's August 18, 2006 status report, and as this Court ordered on August 23, 2006. Undersigned counsel was informed that counsel for the government "has no settlement authority." Subsequently, counsel engaged in a series of correspondence in an attempt to schedule the depositions of the expert witnesses, and agreed that the deposition of the government's expert witness would commence on September 29, 2006, and the deposition of MCC's expert witness would commence on November 6, 2006. However, as was expressed in MCC's August 18, 2006 status report, MCC seeks the Court's assistance in settling this case as a settlement prior to incurring the expenses of depositions seems to be a more efficient allocation of resources for both parties than proceeding in the manner the government seems intent on doing.

Respectfully submitted,

s/ Adam C. Harrison

HARRISON LAW GROUP
40 W. Chesapeake Ave., Suite 600
Towson, Maryland 21204
(410) 832-0000

Counsel for Plaintiff,
MANHATTAN CONSTRUCTION CO.

Dated: September 18, 2006