C
Briefs and Other Related Documents
Villafane Elec. Corp. v. Reliance Ins. Co.S.D.N.Y.,2004.Only the Westlaw citation is currently available.

United States District Court,S.D. New York.
VILLAFANE ELECTRIC CORP., Plaintiff,
v.
RELIANCE INSURANCE COMPANY, Defendant.
TRAVELERS CASUALTY & SURETY CO., Plaintiff,
v.
LIBERTY MUTUAL INSURANCE CO. and Railworks Corp., Defendants.
RAILWORKS TRANSIT, INC. and L.K. Comstock & Company, Third-Party Plaintiffs,
v.
VILLAFANE ELECTRIC CORP., Third-Party Defendant.
**No. 02 Civ. 2682(DC), 03 Civ. 4645(DC).**

March 2, 2004.

**Background:** Subcontractor brought diversity action against contractor to enforce bond that secured payment of certain claims arising from public improvement.

**Holdings:** On motion to consolidate and motions in limine, the District Court, Chin, J., held that:

(1) consolidation was warranted;

(2) consolidation did not divest New York federal district court of diversity jurisdiction;

(3) contractor could offer invoices although surety made pre-trial assertion that they were fraudulent;

(4) issue of whether attorney fees were due was for court to determine;

(5) surety could offer evidence at trial relating to principal's set-offs against contractor; and

(6) construction expert was permitted to explain construction contract's technical terms but he was not permitted testify about legal conclusions or meaning of contractual provisions.

Motions granted in part and denied in part.

West Headnotes

**[1] Federal Civil Procedure 170A 8.1**

170A Federal Civil Procedure
170AI In General
170AI(A) In General
170Ak8 Consolidation of Actions
170Ak8.1 k. In General. Most Cited Cases

Consolidation was warranted, although second action was filed because court would not let surety file third-party complaint for indemnification in first action because court was concerned about delay that would have resulted from adding new claims and parties; second action included only two new parties, rather than expected impleader of 70 new parties, first action had been delayed with consent of all parties to pursue settlement discussions and alternative dispute resolution to resolve both cases, and both cases arose out of same facts and transactions.

**[2] Federal Courts 170B 305**

170B Federal Courts
170BIV Citizenship, Residence or Character of Parties, Jurisdiction Dependent on
170BIV(B) Controversies Between Citizens of Different States
170Bk304 Rearrangement or Realignment of Parties
170Bk305 k. Particular Cases. Most Cited Cases

Consolidation of two cases did not divest New York federal district court of diversity jurisdiction, despite presence of two New York parties with adverse interests in consolidated case, since there was diversity jurisdiction when cases were first filed.

**[3] Public Contracts 316A 64**

316A Public Contracts
316AII Contractors' Bonds
316Ak64 k. Evidence. Most Cited Cases

Contractor could offer invoices, in lawsuit over enforcement of bond to secure payment of certain claims arising from public improvement, although surety made pre-trial assertion that invoices were

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

fraudulent, since factual dispute existed as to whether contractor submitted fraudulent invoices. McKinney's State Finance Law § 137(4)(c).

**[4] Public Contracts 316A 65**

316A Public Contracts
316AII Contractors' Bonds
316Ak65 k. Amount of Recovery; Interest and Attorneys' Fees. Most Cited Cases
Issue of whether attorney fees were due under statute governing enforcement of bond to secure payment of certain claims arising from public improvement was for court to determine, not jury. McKinney's State Finance Law § 137(4)(c).

**[5] Public Contracts 316A 64**

316A Public Contracts
316AII Contractors' Bonds
316Ak64 k. Evidence. Most Cited Cases
Surety could offer evidence at trial relating to principal's set-offs against contractor, in lawsuit brought by contractor to enforce bond to secure payment of certain claims arising from public improvement, although that evidence related to two projects that were not subject of contractor's complaint, since principal consented to surety's assertion of set-offs, and surety stood in shoes of its principal and could assert any defenses or set-offs of principal. McKinney's State Finance Law § 137(4)(c).

**[6] Evidence 157 506**

157 Evidence
157XII Opinion Evidence
157XII(B) Subjects of Expert Testimony
157k506 k. Matters Directly in Issue. Most Cited Cases

**Evidence 157 518**

157 Evidence
157XII Opinion Evidence
157XII(B) Subjects of Expert Testimony
157k518 k. Construction of Written Instruments. Most Cited Cases
Construction expert was permitted to explain construction contract's technical terms, in lawsuit brought by contractor to enforce bond to secure payment of certain claims arising from public improvement, but he was not permitted testify about legal conclusions or meaning of contractual provisions. McKinney's State Finance Law § 137(4)(c).

Goetz Fitzpatrick LLP, By: Carl A. Haberbusch, Denis B. Frind, New York, New York, for Villafane.
Lambert & Weiss, By: Monroe Weiss, Eric M. Eusanio, New York, New York, for Travelers.
Manatt, Phelps & Phillips, LLP, By: Nancy K. Feinrider, Shawn M. Friedman, New York, New York, for Railworks.
Tunstead Schechter & Czik LLP, By: Thomas D. Czik, Jericho, New York, for Liberty.

*MEMORANDUM DECISION*

CHIN, J.
***1** In these related cases, four motions are before the Court: (1) Railworks Corporation, Railworks Transit, Inc., and L.K. Comstock & Company (collectively, "Railworks") move for an order consolidating these two actions, *Villafane Elec. Corp. v. Reliance Ins. Co.*, No. 02 Civ. 2682(DC) ("Action No. 1"), and *Travelers Cas. & Sur. Co. v. Liberty Mutual Ins. Co.*, No. 03 Civ. 4645(DC) ("Action No. 2"); (2) Villafane Electric Corp. ("Villafane") cross-moves for an order dismissing Railworks's third-party claim against it in Action No. 2; (3) Travelers Casualty and Surety Company ("Travelers") moves *in limine* in Action No. 1 to preclude Villafane from offering certain evidence at trial; and (4) Villafane moves *in limine* in Action No. 1 to preclude Travelers from offering certain evidence at trial. I consider each motion in turn.

A. *The Motion To Consolidate*

[1] The motion to consolidate is granted. Action No. 2 was filed after I denied Travelers's leave in Action No. 1 to file a third-party complaint for indemnification. I did so by order dated May 23, 2003, in part because I was concerned about the delay that would result from adding new claims and parties. I was also concerned that Travelers would seek to implead 70 new parties.

The circumstances have changed. Travelers has filed a new action, and only two parties have been sued in the new action. Moreover, Action No. 1 has been delayed in any event-with the consent of all parties-as the parties pursued settlement discussions to resolve both cases and participated in alternative dispute resolution proceedings.

In addition, as the parties agree, both cases arise out

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

of the same facts and transactions. Indeed, in Action No. 2, Travelers seeks, *inter alia*, indemnification from Railworks for any monies it must pay to Villafane as a result of Action No. 1. Under these circumstances, it makes sense at this point, even if it did not before, to try the two cases together. Therefore, the motion to consolidate is granted and Actions No. 1 and 2 are hereby consolidated for all purposes.

B. *The Cross-Motion To Dismiss*

The sole basis of Villafane's motion to dismiss the third-party claim against it in Action No. 2 is its assertion that the third-party claim is not a proper claim under Fed.R.Civ.P. 14(a). Villafane is correct that Railworks' third-party claim is not a proper third-party claim under Rule 14(a). In light of my granting of the motion to consolidate, however, the claim will be permitted to remain in the case, although it is more properly a counterclaim rather than a third-party claim.

Rule 14(a) provides that a third-party plaintiff may implead "a person not a party to the action who is or may be liable to the third-party plaintiff for all or part of the plaintiff's claim against the third-party plaintiff." Fed.R.Civ.P. 14(a). In other words, the third-party claim must be a claim over by the defendant for all or part of the defendant's liability, if any, to the plaintiff. *See, e.g., United States v. Olavarrieta*, 812 F.2d 640, 643 (11th Cir.) ("Rule 14(a) does not allow the defendant to assert a separate and independent claim even though the claim arises out of the same general set of facts as the main claim." (citations omitted)), *cert. denied*, 484 U.S. 851, 108 S.Ct. 152, 98 L.Ed.2d 107 (1987).

***2** Here, the main claim asserted by Travelers against Railworks in Action No. 2 is the claim that Railworks must indemnify Travelers should Travelers lose Action No. 1. The third-party claim asserted by Railworks against Villafane, however, is not a "claim over" based on Travelers's claim against Railworks. Indeed, if Travelers loses and Villafane prevails in Action No. 1. then Villafane necessarily prevails in Action No. 2. Rather, Railworks's third-party claim in Action No. 2 is independent of Travelers's claim against Railworks for indemnification.

[2] Nonetheless, now that the cases are being consolidated, Railworks can assert the third-party claim-even if it is separate and independent-as a counterclaim against Villafane. Hence, the cross-motion to dismiss is denied. [FN1]

FN1. Nor does Villafane challenge Railworks's assertion that the consolidation of the two cases does not divest the Court of diversity jurisdiction, despite the presence in the consolidated case of two New York parties with adverse interests. The key is that there was diversity jurisdiction when the cases were first filed. (Railworks's Mem. In Opp. To Motion To Dismiss Third-Party Compl., at 6; Villafane's Reply Mem. In Support of Its Cross-Motion, at 2 ("No such jurisdictional argument is made by [Villafane].")).

C. *Travelers's Motion In Limine*

In its motion *in limine*, Travelers argues that Villafane should be precluded from offering (1) certain invoices because Villafane submitted fraudulent information, invoices, and other documents; (2) any evidence in support of its claims because Villafane submitted fraudulent invoices to Travelers and engaged in other misleading conduct; (3) expert witness testimony; (4) lay witness testimony based on scientific, technical or other specialized knowledge; (5) evidence relating to attorneys' fees; and (6) and evidence relating to interest.[FN2]

FN2. By letter dated September 10, 2003, Travelers made a supplemental motion *in limine* to exclude 18 documents that Villafane added purportedly on an untimely basis. The issue is moot, as Villafane has agreed not to offer the 18 documents.

[3] The motion is denied as to categories (1) and (2). Factual disputes exist as to whether Villafane submitted any fraudulent invoices or information. Travelers is free to seek to show at trial that the invoices are fraudulent or inflated, but I will not preclude Villafane from offering evidence in support of its claims based on Travelers's pre-trial assertion that the claims are meritless.

The motion is granted as to categories (3) and (4) as Villafane states that it has not designated an expert witness to testify at trial and will not seek to elicit expert testimony "in the guise of lay testimony."

[4] The motion is granted as to category (5), but only

to the extent that I conclude that the issue of attorneys' fees is one for the Court and not the jury. Villafane's claim for attorneys' fees is based on § 137(4)(c) of the New York State Finance Law, N.Y. State Fin. Law § 137(4)(c) (McKinney Supp.2004). Neither side has cited any case addressing the issue of whether fees under this section is a matter for the jury or the Court. Based on the plain language of the statute, I conclude the issue is one for the Court. Section 137(4)(c) provides that:

In any action on a payment bond ... the court may determine and award reasonable attorney's fee to either party to such action when, upon reviewing the entire record, it appears that either the original claim or the defense interposed to such claim is without substantial basis in fact or law.

*Id.* The statute plainly provides that "the court" may award attorneys' fees. Moreover, the statute clearly contemplates that fees may be awarded to the prevailing party, and usually the issue of statutory attorneys' fees awards to prevailing parties is an issue for the court and not a jury. Finally, the standard provided by the statute for the award of fees-the claim or defense "is without substantial basis in fact or law"-is a standard that a court, and not a jury, typically applies. I will entertain a fee application by the prevailing party at the conclusion of the case, after the jury renders its verdict, but no evidence with respect to fees will be permitted at trial.

***3** The motion is denied as to category (6). Travelers argues that pre-judgment interest is a discretionary matter and asks the Court to deny interest as a discretionary matter. I decline to do so now. Even assuming pre-judgment interest is discretionary, it is premature to make that decision now. Moreover, I am not persuaded that it is the Court's decision rather than the jury's decision. I will decide the issue of whether to put the question of interest to the jury at the conclusion of trial. For now, the claim for interest remains in the case.

### D. *Villafane's In Limine Motion*

Villafane moves *in limine* to preclude Travelers from offering at trial: (1) any evidence relating to the set-offs for the two projects that are not the subject of Villafane's complaint in Action No. 1; (2) expert testimony; and (3) 22 specific exhibits.

[5] The motion is denied as to category (1). Travelers stands in the shoes of its principal and may assert any defenses or set-offs of the principal. Moreover, Railworks clearly has consented to the assertion by Travelers of the set-offs. Finally, now that the cases are consolidated, the set-offs will be before the jury in any event. It makes sense to have all these related claims resolved at one trial.

[6] The motion is denied as to category (2). Travelers's expert witness, Dennis O'Neill, will be permitted to testify, as a construction expert. He will not be permitted, however, to give legal conclusions or to testify as to the meaning of contractual provisions (except that he will be permitted to explain technical terms). Likewise, Villafane's timeliness objection is overruled. If Villafane requires any follow-up as a result of the expert's late supplemental disclosure, some reasonable follow-up discovery will be allowed.

The motion is denied in part and granted in part as to category (3). Villafane's objection to Exhibits J, K, and L, the bankruptcy court documents, is sustained to the extent that Travelers may not offer the documents as affirmative evidence; they may be used as impeachment material to the extent they contain statements inconsistent with the testimony of Villafane's witnesses at trial. Villafane's objections to Exhibits W, X, Y, D1, E1, F1, G1, H1, I1, J1, K1, L1, M1, N1, V1, and W1 are overruled. Villafane's objection to Exhibit F is sustained. Villafane's objection to Exhibits M and N, the complaint and amended complaint, is sustained, except that the exhibits may be used solely for impeachment.

### *CONCLUSION*

The motions are granted and denied as set forth above. This matter was scheduled for oral argument on Friday, March 5, 2004. Oral argument is cancelled, but instead the Court will conduct a pretrial conference at the designated time to discuss further proceedings in these now consolidated cases.

SO ORDERED.

S.D.N.Y.,2004.
Villafane Elec. Corp. v. Reliance Ins. Co.
Not Reported in F.Supp.2d, 2004 WL 385041 (S.D.N.Y.)

Briefs and Other Related Documents (Back to top)

- 1:03cv04645 (Docket) (Jun. 24, 2003)
- 1:02cv02682 (Docket) (Apr. 08, 2002)

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.