IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| MANHATTAN CONSTRUCTION COMPANY, | * | |
| Plaintiff, | * | |
| v. | * | Case No.: 05-376C<br>(Judge Robert H. Hodges) |
| THE UNITED STATES, | * | |
| Defendant. | * | |

* * * * * * * * * * * * *

**MOTION IN LIMINE AND/OR TO STRIKE EVIDENCE**

Plaintiff, Manhattan Construction Company ("MCC"), by its undersigned counsel, respectfully moves this Honorable Court to exclude all documents and other evidence obtained by the United States pursuant to subpoenas directed toward MCC and York International, and as reasons therefore states as follows:

**The MCC Subpoena**

1. The trial in this case commenced on January 30, 2007 and was scheduled to be completed on January 31, 2007.

2. During the trial, the United States orally moved for an order staying the trial so that the United States could obtain additional documentation which it claimed was needed, but for which the United States had not previously formally requested.

3. This Honorable Court denied the motion of the United States.

4. When it became apparent that the trial would not be completed within the scheduled time frame, MCC, in good faith, volunteered to provide the United States with the documentation it claimed it needed.

5. MCC in fact did provide the United States with three large boxes of documents which were responsive to the United States' request, and counsel for the United States, along with

three representatives of the USDA spent a good portion of the day reviewing and copying those documents.

6. However, unbeknownst to the undersigned counsel, the United States served a subpoena upon MCC requiring MCC to produce documentation to the United States. The United States failed to notify or serve a copy of the MCC subpoena upon undersigned counsel.

7. Furthermore, in direct violation of ABA Model Rule for Professional Conduct 4.2, counsel for the United States engaged in direct communications with representatives of MCC with respect to the production of the documents pursuant to the subpoena.

8. Because the United States failed to notify undersigned counsel that it served the subpoena upon MCC, and because the United States failed to coordinate the production of the requested documents with undersigned counsel for MCC, undersigned counsel was denied the opportunity to file a motion to quash and/or a motion for a protective order relating to the MCC subpoena, and undersigned counsel was also denied the opportunity to review the documents for privilege prior to review by the United States.

9. In fact, undersigned counsel first obtained a copy of the MCC subpoena on February 27, 2007, while the United States was at the offices of MCC reviewing the documents. A copy of that subpoena is attached hereto and incorporated by reference herein as **Exhibit "A"**.

10. Accordingly, MCC has been prejudiced by the United States' failure to provide undersigned counsel with notice of the subpoena, failure to coordinate the production of the documents with undersigned counsel, and direct communications with MCC's employees, and respectfully requests that all evidence obtained by virtue of the MCC subpoena be excluded from the trial herein.

**The York International Subpoena**

11. In addition, the United States is in the process of serving a subpoena upon York International commanding York International to appear at trial on March 7, 2007 to testify in the above-captioned case. The United States provided York International with the option of producing the following documents no later than March 5, 2007, in lieu of appearing at trial:

> [A]ll documents pertaining to the contract between Caigeann Mechanical and York International pertaining to a contract between Manhattan Construction Company and the Department of Agriculture, for the construction of the Human Resources Nutrition Center in Beltsville, Maryland.

A copy of the York International subpoena is attached hereto and incorporated by reference herein as **Exhibit "B"**.

12. Undersigned counsel was notified of the issuance of the York International subpoena by letter received on February 28, 2007.

13. However, not only has discovery long been completed in this case, the trial in this case is halfway completed—MCC has already closed its case. To allow the United States to engage in discovery at this stage of the litigation, when the United States properly should have requested this documentation months ago, is highly prejudicial and unfair to MCC. By proceeding in this fashion, the United States has precluded MCC from addressing any issues raised in the York International documents in its case in chief.

14. Accordingly, MCC respectfully requests that this Honorable Court exclude all evidence obtained by the United States from York International from the trial in this case.

15. It is well established that the purpose of pre-trial discovery is "to remove surprise from trial preparation so the parties can obtain evidence necessary to evaluate and resolve their dispute." *See*, *Kieth H. v. Long Beach Unified School District*, 228 F.R.D. 652, 655 (C.D.Cal. 2005), citing *Oakes v. Halvorsen Marine Ltd.,* 179 F.R.D. 281, 283 (C.D.Cal. 1998); *Williams v. G.M. Roberts*, 202 F.R.D. 294, 296 (M.D.Ala. 2001) (noting that the disclosure rules, among other things, seek to

eliminate unfair surprise and avoid prejudice).

16. Furthermore, it is well established that courts are vested with the power and authority to manage the discovery process. *See*, *e.g.*, *D.E. Technologies, Inc. v. Dell, Inc.*, 238 F.R.D. 561 (W.D.Va. 2006) and cases cited therein. In that regard, when a party has had ample opportunity to obtain evidence during the discovery period, courts have denied that party the opportunity to obtain that evidence once the discovery period has expired. *See*, *Lore v. City of Syracuse*, 232 F.R.D. 155, 159 (N.D.N.Y. 2005) (holding that "[d]iscovery should not be extended when a party had an ample opportunity to pursue the evidence during discovery."); *Trebor Sportswear Co. v. The Limited Stores, Inc.*, 865 F.2d 506, 511 (2d Cir. 1989) (denying further discovery when the party opposing summary judgment had a "fully adequate opportunity for discovery"); *Burlington Coat Factory Warehouse Corp. v. Esprit De Corp.*, 769 F.2d 919, 927 (2d Cir. 1985) (denying plaintiff's request to reopen discovery when plaintiff had "ample time in which to pursue the discovery that it now claims is essential"); *Yrityspankki Skop Oyj v. Delta Funding Corp.*, 1999 WL 1018048, at *4 (S.D.N.Y. Nov.9, 1999) (denying request to reopen discovery since party was fully aware of the relevance of the information in question during discovery, and since it could have developed the information at that time).

17. This Court already denied The United States' motion to stay the trial in this case to pursue additional discovery which it failed to pursue during the discovery period. Accordingly, and because of the substantial prejudice which MCC will suffer should the subject evidence be allowed to be introduced at the trial herein, the Court should exclude all evidence obtained by the United States pursuant to the MCC and York International subpoenas from the trial in this case.

WHEREFORE, for the foregoing reasons, Plaintiff, Manhattan Construction Company respectfully requests this Honorable Court to enter an Order barring the introduction of any evidence obtained by Defendant, The United States, pursuant to its subpoenas upon Plaintiff, Manhattan Construction Company and upon York International and excluding such evidence from

the trial herein.

Dated: March 1, 2007

Respectfully submitted,

s/ Eli Robbins
ELI ROBBINS

HARRISON LAW GROUP
40 W. Chesapeake Ave., Suite 600
Towson, Maryland 21204
Telephone No.: (410) 832-0000
Facsimile No.: (410) 832-9929

Counsel for Plaintiff,
MANHATTAN CONSTRUCTION COMPANY