# Manhattan

"Building Excellence"

## Capitol Visitor Center, Sequence 2

**Mailing Address:**
P.O. Box 75860
Washington, DC 20013-5860
(202) 481-1160
(202) 481-1199 fax

**Delivery Address:**
8550 Arlington Blvd.
Suite 204
Fairfax, VA 22031

## FACSIMILE TRANSMITTAL SHEET

Date: 2/27/2007

Pages: 3

To: ELI ROBBINS

Company:

Fax #: 410 842 0142

From: TED BAKER

**RE:** PER YOUR REQUEST

**Message:**

# UNITED STATES COURT OF FEDERAL CLAIMS

MANHATTAN CONSTRUCTION COMPANY,
Plaintiff,
v.
THE UNITED STATES OF AMERICA,
Defendant.

**SUBPOENA** *duces tecum*
No. 05-376
(Judge Robert Hodges)

To: Manhattan Construction Company
8550 Arlington Boulevard
Suite 204
Fairfax, VA 22031

Attn.:, John P. Barron, Division President,

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

X☐ YOU ARE COMMANDED to produce and permit inspection and copying of all documents pertaining to the contract between Manhattan Construction Corporation ("MCC") and Caigeann regarding the contract between MCC and the Department of Agriculture, for the construction of the Human Resources Nutrition Research Center in Beltsville, Maryland. The term "document," as used herein, means and includes without limitation the following items, whether printed, micro-filmed, electronically recorded in sound or pictures, stored in computer memory or in a computer database, or re-produced by any process, or written or produced by hand, and regardless of whether claimed to be privileged or confidential or personal: letters, correspondence, memoranda, reports, summaries, notes, notebooks, electronic mailings ("e-mails"), sketches, prints, photographs, printed forms, manuals, brochures, diaries, books, lists, publications, agreements, working papers, intra-company and inter-company communications, forecasts, statistical statements, graphs, charts, plans, drawings, minutes or records of meetings or conferences, policy statements, circulars, and any and all other writings. The above includes any and all other materials of any tangible medium of expression and original or preliminary notes, including drafts, typing, printings, minutes, or copies or reproductions thereof that are now or have ever been in your possession, custody or control. In lieu of producing the responsive documents and samples at the time, date, and place indicated, you may send such documents via Federal Express to Leslie Cayer Ohta at the address indicated below.

| PLACE: U.S. Department of Justice, Commercial Litigation Branch1100 L Street, N.W., Washington, D.C. 20005 | DATE AND TIME: Respond within 10 days of service of the subpoena |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. U.S. Court of Federal Claims rule (RUSCFC) 30(b)(6).

| ISSUING OFFICER SIGNATURE Leslie Cayer Ohta, Attorney for Defendant | DATE February 2, 2007 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Leslie Cayer Ohta, U.S. Department of Justice, Commercial Litigation Branch1100 L Street, N.W., Washington, D.C. 20005 (202) 307-0252

## PROOF OF SERVICE

| | Date | Place |
|---|---|---|
| SERVED | | |

SERVED ON (Print Name) MANNER OF SERVICE

SERVED BY (Print Name) TITLE

☐ Fees tendered for one day's attendance and mileage allowed by law.
(Fees and mileage need not be tendered when the subpoena is issued on behalf of the United States or an officer or agency thereof.)

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing informa-ion contained in the Proof of Service is true and correct.

Executed on ______________
Date

Signature of Server

Address of Server

USCFC 45, Parts C & D:

:) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service f a subpoena shall take reasonable steps to avoid imposing undue urden or expense on a person subject to that subpoena. The court on ehalf of which the subpoena was issued shall enforce this duty and npose upon the party or attorney in breach of this duty an appropri-te sanction, which may include, but is not limited to, lost earnings nd a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and opying of designated books, papers, documents or tangible things, r inspection of premises need not appear in person at the place of roduction or inspection unless commanded to appear for deposition, earing or trial.

(B) Subject to paragraph of (d)(2) of this rule, a person com-ıanded to produce and permit inspection and copying may, within 14 ays after service of the subpoena or before the time specified for ompliance if such time is less than 14 days after service, service pon the party or attorney designated in the subpoena written bjection to inspection or copying of any or all of the designated ıaterials or of the premises. If objection is made, the party serving ıe subpoena shall not be entitled to inspect and copy the materials or ıspect the premises except pursuant to an order of the court by which ıe subpoena was issued. If objection has been made, the party erving the subpoena may, upon notice to the person commanded to roduce, move at any time for an order to compel the production. uch an order to compel production shall protect any person who is ot a party or an officer of a party from significant expense resulting rom the inspection and copying commanded.

(3)(A) On timely motion, the court shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

( i i i )
subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party,

the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.