# EXHIBIT A

**LIQUIDATING AGREEMENT**

THIS AGREEMENT is made this 17th day of March, 2005, by and between MANHATTAN CONSTRUCTION COMPANY ("Manhattan") and CAIGEANN MECHANICAL CO., INC. ("CMCI").

**WITNESSETH**

WHEREAS, Manhattan entered into a prime construction contract (the "Prime Contract") with the United States Government (the "Owner") to build the USDA BELTSVILLE HUMAN NUTRITION RESEARCH CENTER (the "Project");

WHEREAS, Manhattan and CMCI entered into a subcontract agreement (the "Subcontract"), whereby CMCI was to perform certain work on the Project;

WHEREAS, during the performance of the Subcontract work, CMCI and/or its subcontractor(s) allegedly performed certain changes to the Subcontract work or otherwise rendered additional labor and/or materials under the Subcontract (collectively referred to as the "Additional Work"), with the final entitlement and valuation of the Additional Work unresolved as of the date of this Agreement, and which claims are more particularly and specifically described on Exhibit "A" attached hereto and incorporated by reference herein (the "Additional Work Claims");

WHEREAS, CMCI and Manhattan desire that Manhattan allow CMCI and its sub-subcontractors to prosecute the Additional Work Claims against the Owner; and

WHEREAS, the Additional Work Claims set forth in this Agreement do not include any separate claims that Manhattan may have against the Owner, and the parties desire to allow CMCI to separately prosecute CMCI's claims against the Owner.

NOW WHEREFORE, in consideration of the mutual promises and covenants made herein, Manhattan and CMCI agree as follows:

1. CMCI and Manhattan agree that this Agreement shall not relieve these parties from any and all obligations, liabilities, warranties, or duties provided in the Subcontract or applicable portions of the Contract which survive completion of the work by CMCI.

2. CMCI shall, on behalf of itself and Manhattan, prosecute the Additional Work Claims against the Owner. CMCI, on behalf of Manhattan, will mark-up the Additional Work Claims by the amount allowed for overhead and profit in the Prime Contract.

3. The parties agree that the Additional Work Claims set forth on Exhibit "A" arise from the Owner's action or inaction or are otherwise the responsibility of the Owner, such that neither party shall have any rights or causes of action against the other party relating to the Additional Work Claims until the Additional Work Claims are resolved with respect to the Owner as set forth in this Agreement. CMCI agrees that its recovery for the Additional Work Claims against Manhattan shall be limited to the extent the Owner is liable to Manhattan for the Additional Work Claims (as set forth in Paragraph 3.5.1 of the Subcontract); however, CMCI reserves its rights against Manhattan with respect to the Additional Work Claims to the extent Manhattan waived or released the Additional Work Claims against the Owner.

Nothing in this Agreement shall be construed as a waiver and/or release of claims within the meaning of *Severin v. United States*, 99 Ct. Cl. 435 (1943) and its progeny. Manhattan remains liable to CMCI solely and exclusively for only the amounts (if any) owed by and recovered, awarded, and received from the Owner. It is further the intent that the *Severin* Doctrine shall not apply as Manhattan recognizes its commitment to allow prosecution of the claims and to pay CMCI in accordance with this Agreement.

4. Outside attorneys have been retained by CMCI as appropriate for the presentation and litigation of the Additional Work Claims, and it is agreed that all such attorney costs plus other necessary expenses and expenditures in connection with presentation and litigation of the Additional

Work Claims will be borne by CMCI. CMCI shall not be liable to Manhattan for any attorney costs or other litigation-related costs incurred directly by Manhattan in connection with the prosecution of the Additional Work Claims.

5. CMCI agrees to reasonably consult with Manhattan regarding the prosecution and/or settlement of the Additional Work Claims; however, CMCI retains the sole and exclusive right to make all final decisions regarding the prosecution and/or settlement of the Additional Work Claims. In the event of an award by a Board or Court on the Additional Work Claims, or in the event of a settlement of the Additional Work Claims with the Owner, the amount paid by the Owner on the Additional Work Claims (the "Recovery") shall be distributed between CMCI and Manhattan as follows:

(a) The amount expended by CMCI for attorney's fees and expenses shall be considered a first charge against the Recovery and shall be included in CMCI's portion of the Recovery;

(b) If there is any remaining amount of the Recovery after the first charge for attorney's fees and expenses in Paragraph 5(a) above, Manhattan's portion of the Recovery shall be limited to the same percentage of overhead and profit pursuant to Paragraph 2 above, multiplied against the remaining amount of the Recovery as adjusted pursuant to Paragraph 5(a) above;

(c) CMCI shall be entitled to the remaining amount of the Recovery after the charges set forth in Paragraphs 5(a) and 5(b) above have been deducted from the Recovery.

6. The parties recognize that Manhattan has additional claims against the Owner not included in this Agreement. The additional claims of Manhattan are not covered by the scope of this Agreement. Manhattan reserves all rights to prosecute its own claims against the Owner, and any settlement discussions and actual settlements with the Owner relating to the Additional Work Claims set forth herein and Manhattan's own claims shall be bifurcated and kept separate and

distinct to preserve the respective rights of the parties vis-à-vis the Owner. However, if requested by Manhattan, CMCI shall participate in good faith in any settlement discussion(s) and/or mediation(s) for the purpose of resolving the Additional Work Claims as well as any other claims or disputes related to the Project, whether kept separate or combined. In the event of a consolidation of all claims against the Owner by any Court or Board, the parties agree to negotiate an amendment to this Agreement and to resolve the parameters of a joint prosecution of all omnibus claims against the Owner including but not limited to identification of lead counsel and sharaing of fees, costs, and recoveries. For any recoveries pursuant to a consolidated proceeding, and/or settlement involving both Additional Work Claims and other claims or disputes related to the Project, CMCI's recovery for its claims and CMCI's recovery for its attorneys' fees and costs shall not exceed the amount that CMCI would have received if CMCI's Additional Work Claims had been resolved separately from any other claims or disputes related to the Project under this Agreement.

7. Manhattan shall cooperate with CMCI in the prosecution of the Additional Work Claims, and shall also make witnesses and records available as required by Subpoena or applicable discovery rules for the active and successful prosecution of the Additional Work Claims.

8. Except as modified in this Agreement, all remaining rights, causes of action and defenses by and between Manhattan and CMCI are expressly reserved and neither Manhattan nor CMCI waive any such rights, causes of action and defenses.

9. Any modification of this Agreement must be made in writing and executed by all the parties hereto.

10. This Agreement shall be binding upon and inure to the benefit of the respective parties and all of their successors and assigns.

11. The interpretation and performance of this Agreement shall be governed by the laws of the State of Maryland, exclusive of its conflict of laws provisions. Any and all disputes relating to

this Agreement shall be resolved in the Circuit Court of Maryland for Prince George's County. The terms of this Agreement supercede any prior inconsistent terms and conditions set forth in the Subcontract between Manhattan and CMCI.

12. Should any portion of this Agreement be found unenforceable by a court of competent jurisdiction, such unenforceable portion shall be struck from the Agreement and the remainder of the Agreement shall continue in full force and effect.

IN WITNESS THEREOF, the parties hereto have, on the date set forth, caused this Agreement to be executed by their respective fully authorized officers, and said officer's authority to sign this Agreement on behalf of his respective company.

**MANHATTAN CONSTRUCTION COMPANY**

BY: ______________________________

ITS: ______________________________

**CAIGEANN MECHANICAL CO., INC.**

BY: Donna L. Fleming
Donna L. Fleming, President

ITS: ______________________________