# EXHIBIT B

# UNITED STATES
# COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| MANHATTAN CONSTRUCTION CO, | ) | |
| Plaintiff, | ) | |
| v. | ) | Docket No.: 05-376C |
| UNITED STATES, | ) | |
| Defendant. | ) | |

Pages: 184 through 399

Place: Washington, D.C.

Date: January 31, 2007

**HERITAGE REPORTING CORPORATION**
*Official Reporters*
1220 L Street, N.W., Suite 600
Washington, D.C. 20005-4018
(202) 628-4888
hrc@concentric.net

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| MANHATTAN CONSTRUCTION CO, Plaintiff, v. UNITED STATES, Defendant. | Docket No.: 05-376C |

Courtroom 6, Room 507
National Courts Building
717 Madison Place NW
Washington, D.C.

Wednesday,
January 31, 2007

The parties met, pursuant to notice of the Court, at 9:49 a.m.

BEFORE: HONORABLE ROBERT H. HODGES, JR.
Judge

APPEARANCES:

<u>For the Plaintiff</u>:

ELI Y. ROBBINS, Esquire
Harrison Law Group
40 West Chesapeake Avenue, Suite 600
Towson, Maryland 21204-4891
(410) 832-0000

<u>For the Defendant</u>:

LESLIE C. OHTA, Esquire
U.S. Department of Justice
Civil Division
Commercial Litigation Branch
1100 L Street, N.W.
Washington, D.C. 20530
(202) 307-0282

C O N T E N T S


| WITNESSES: | DIRECT | CROSS | REDIRECT | RECROSS |
|---|---|---|---|---|
| For the Plaintiff: | | | | |
| Kevin Tracy | 188 | 275 | 377 | 387 |

E X H I B I T S

| DEFENDANT'S EXHIBITS: | IDENTIFIED | RECEIVED | DESCRIPTION |
|---|---|---|---|
| 66 | 302 | -- | Pre-bid Documents |

is that your last witness?

MR. ROBBINS: Yes, Your Honor. The Plaintiff rests.

THE COURT: Does the Plaintiff close? Rest? All right, the Plaintiff rests. And so this is as good as any, I guess, a place to stop, unless you would like to work someone in, Ms. Ohta?

MS. OHTA: No, I think this is a fine place to stop, Your Honor. I would just like some clarification on whether or not, during this interim period, the government can obtain additional documents from Caigeann, the documents that I specifically mentioned, and then the ones that came up today of Caigeann's RFI. And so whether we can do some limited discovery during this interim period.

THE COURT: Well, I sort of liked your approach earlier, whereby you were trying to save resources for everyone. I guess, why don't we do this? Why don't we take a while to look over --

MS. OHTA: Your Honor, I don't mean formal discovery; just writing a letter to, you know, Mr. Robbins listing the things that we discussed, and asking him to provide them.

The only thing that formally I probably would do is serve a subpoena on Manhattan, because I

have no other way of getting documents from Manhattan. But that obviously would not be any expense to Caigeann.

THE COURT: All right. I don't have any problem with that, do you?

MR. ROBBINS: I don't have a problem with the subpoena on Manhattan, obviously. With respect to Caigeann's documents, yesterday at lunch Mrs. Fleming called her office, and one of her employees spent the better part of the afternoon going through their office and her storage area to try and locate the boxes of USDA documents. She didn't find anything.

Last night, when Mrs. Fleming went back to her office, she was able to find these electronic versions of the bid documents; the hard copies, and I guess the originals, are, you know, still not found. So to the extent that they exist, we'd be happy to provide them to Ms. Ohta.

I don't know to what extent they exist. There was some confusion at Caigeann with respect to whether they were sent to storage or whether they were sent to the round storage box.

THE COURT: You say USDA document?

MS. OHTA: The documents relating to the USDA project.

THE COURT: Oh, I see. Would the government have any of these documents, do you think?

MR. ROBBINS: I think that Manhattan would have all of those documents. The government may have them, they may not, I don't know. I know that the government has a lot of documents, but I have no idea what they do or do not have. Manhattan should have the documents that Ms. Ohta was requesting, specifically the submittals, the RFIs or the original RFIs, the bid documents. And that's sort of the correspondence between Manhattan and Caigeann with respect to the pre-bid issues and that sort of thing. You know, Manhattan should have that.

MS. OHTA: Your Honor, the government does not have any of these documents. There is no way the government would ever be privy to Caigeann's internal documents or pre-bid documents. So we do not have any of the items I asked for.

And when Mrs. Fleming testified yesterday -- and we can get the transcript and go back and review it -- but my recollection is she indicated that the pre-bid documents in fact do exist. So it's surprising that yesterday they did, and today that they don't.

THE COURT: Well, I remember that, as well.

She did think they did. Of course, it's easy to --

MR. ROBBINS: Your Honor, we can put her back on the stand and put her back under oath for the limited purpose of discussing what she did or didn't find yesterday, you know, for credibility, or you know, if our willingness to cooperate is a question.

THE COURT: I remember her saying that, I just don't remember the context, or whether she understood exactly what documents we were talking about. But we do have some pre-bid documents, apparently. So that might suggest that there are some more. But all we can do is ask that you make a good-faith search and be sure you've given everything to the government.

MS. OHTA: And in addition, Your Honor, from Mr. Tracy's testimony, you know, the clear inference was that he has seen some documents; that he has seen, for example, some of the Caigeann RFIs to Manhattan. It just seems to me that it's very important that people's testimony be truthful and accurate. And if, you know, he just wrote the report six months ago, so it's not like there's been a lapse of many years between it; and if one doesn't have a recollection of reviewing something, then one shouldn't testify about it.

THE COURT: Well, I don't know, did he testify about pre-bid documents specifically?

MS. OHTA: No. I'm referring specifically now to the Caigeann RFIs.

THE COURT: Oh, I see. So the RFIs that I saw in the exhibits were not Caigeann's; they were the prime's, I see.

THE WITNESS: Yes. So they were in the government's possession.

MR. ROBBINS: And, Your Honor, I just think that what Mr. Tracy did testify to is that he reviewed the changed files, and whatever were in those changed filed I believe was already produced to the government in the initial disclosures, and are included in these joint exhibits here.

I don't know that he said that he reviewed the actual original change orders. I mean, when he was asked, he said he didn't know.

MS. OHTA: I'm not talking about change orders, Your Honor.

MR. ROBBINS: I apologize. I'm talking about requests --

THE COURT: All right.

MS. OHTA: And the reason the issue came up is because Mrs. Fleming would not agree with the

accuracy of the statement about Manhattan being aware that they had to put a steam trap. And that's why the whole issue came up. I was working under the situation that Manhattan simply took Caigeann's question and stuck it into, you know, MCC's form.

And when Mrs. Fleming testified in the manner she did, that made me wonder whether or not there were differences between the Caigeann RFI and the Manhattan RFI.

MR. ROBBINS: Your Honor, all I can say to short-circuit this whole discussion is that Caigeann will respond to Ms. Ohta's letter, and Caigeann will make a good-faith effort to find those documents. Should the documents exist, Caigeann would be more than happy to produce them. If they don't exist, Caigeann will inform Ms. Ohta that they don't exist. And if there's any question about Caigeann's willingness to cooperate, work in good faith, our credibility with respect to that, then we can take that up at that point in time.

THE COURT: All right, that's reasonable. I do suggest that perhaps you can explain to the Plaintiff later the importance of releasing whatever documents that you know about, not only just because that's the way it's done and you have this obligation

as an officer of the Court, but also because you have the burden of proof. And if you have a situation in which it's a tie, so to speak, the tie goes to the government in this case, being the Defendant. So you certainly want to produce everything that you can, particularly things like RFIs which sound rather important.

I mean, the government could argue, I suppose, that we don't know what their RFI said. They may have said something entirely different. They may have said they knew what was required. In other words, they might raise that issue of doubt. So I just wanted to highlight that.

And maybe this period of time that we have, since all of you are conscientious enough to attempt settlement, this is an opportunity to go back and give another shot, however you feel like your case has gone on direct and cross. If that affects the position you take in settlement, so much the better. It might open a logjam that may have prevented some progress. I don't know a thing about the settlement discussions, and so I can't be any more specific than that. But often once you've seen how your witnesses do, and seen how cross and direct goes, it can give you a better idea of either your case or the other guy's case. It

might be a good time to evaluate that situation for both of you, as well.

And I will let you know, once I learn what my own schedule is, which of those dates -- I'm sure one of them will suit fine. I would naturally start with the earliest, and try to get this resolved as quickly as possible. So if there's not a conflict, I'll take the earliest date, probably. But I'll be back in touch as soon as possible.

Thank you very much. I appreciate your arguments, and those witnesses that were here.

(Whereupon, at 4:58 p.m., the hearing was adjourned, to be continued sine die.)

//

//

//

//

//

//

//

//

//

//

//

//

399

REPORTER'S CERTIFICATE

DOCKET NO.: 05-376C

CASE TITLE: Manhattan Construction Co. v. United States

HEARING DATE: January 31, 2007

LOCATION: Washington DC

I hereby certify that the proceedings and evidence are contained fully and accurately on the tapes and notes reported by me at the hearing in the above case before U.S Court of Federal Claims

Date: 1/31/07

Bernadette O. Harbison

Official Reporter
Heritage Reporting Corporation
Suite 600
1220 L Street, N.W.
Washington, D.C. 20005-4018